RUSSELL, Judge.
This is an appeal from the trial court’s affirmance of a Department of Public Safety determination that the appellant’s driver’s license be suspended.
An administrative hearing was conducted by the Department of Public Safety (Department) as a result of the appellant’s plea of nolo contendere to a charge of driving under the influence of alcohol in the state of Georgia. Following the hearing, the hearing officer recommended that the appellant’s license be suspended for a period of ninety days. This recommendation was approved by a field officer of the Department. Subsequently, the Circuit Court of Madison County, in reviewing the administrative ruling, held that the appellant was not entitled to have the suspension set aside.
From an appeal of that court’s decision, we affirm.
The appellant raises two issues. First, he asserts that he did not receive a proper hearing as provided for in § 32-5A-195(l), Ala.Code 1975 (1983 Repl. Vol.), because, he says, the officer conducting the hearing failed to consider all of the relevant factors enumerated in that statute. It states in pertinent part:
“If the license has been suspended as a result of the licensee’s driving while under the influence of alcohol, the director or his agent conducting the hearing shall take into account, among other relevant factors, the licensee’s successful completion of any duly established ‘highway intoxication seminar’, ‘DWI counterattack course’ or similar educational program designed for problem drinking drivers.”
The appellant asserts that this directive was not followed. We disagree.
The hearing officer testified that, when making a determination that the appellant’s license be suspended, he took into consideration the fact that the appellant had participated in an alcohol awareness program. The appellant contends that, because the hearing officer did not inquire as to whether the program was successfully completed, a decision to revoke his license was inappropriate. Clearly, the hearing officer took into account the appellant’s participation in this program. Furthermore, it would have been in the appellant’s best interests to put forth evidence of his successful completion of an alcohol awareness program as an indication that suspension of his driver’s license was an improper measure.
In addition to this factor, the hearing officer also considered the appellant’s prior arrest in the state of Georgia for driving under the influence, his entry of a plea of nolo contendere, and his payment of a related fine. Consequently, we find no error with respect to this issue.
The appellant further asserts that the suspension of his license was improper because the recommendation of the hearing officer that such action be taken was not approved by the Director of Public Safety. Where an administrative review, such as the one here, is conducted by a hearing officer of the Director of Public Safety, and not the Director himself, § 32-5A-195(() provides that “the action of such agent must be approved by the director of public safety.” We find that the requisite approval was made in this case.
Department practice allows a designated “field officer” to review recommendations arising out of administrative hearings. We do not construe § 32-5A-195(Z) as requiring that the Director of Public Safety have personal knowledge of each and every recommendation to grant his approval of such. We find it sufficient that approval be made *929 by a “field officer” to whom such authority has been delegated. To require otherwise would inundate the Director unnecessarily. Therefore, we find no error.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.